**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

---

FRANKLIN MEJIA and SERGIO RENE
INFANTE,

                Plaintiffs,

      v.

VELOX TRUCKING, LLC, and ARMIN
BERIC,

                Defendants.

Civil Action No. 20-cv-01234-BRM-JAD

**DEFENDANTS ANSWER AND**
**COUNTERCLAIM OF DEFENDANT**
**VELOX TRUCKING LLC**

---

       Defendants Velox Trucking, LLC ("Velox") and Armin Beric ("Beric" with Velox and Beric hereinafter collectively referred to as "Defendants") respond as follows to the Complaint:

**INTRODUCTORY STATEMENT**

       1.     This paragraph contains a statement concerning the pleading itself and does not contain a factual allegation giving rise to a claim and, therefore, no response is required. To the extent this paragraph contains factual allegations directed at Defendants, the allegations are denied.

**JURISDICTION AND VENUE**

       2.     Defendants admit that this Court has subject matter jurisdiction over this action.

       3.     Defendants admit that this Court has personal jurisdiction over Velox. Defendants deny that this Court has personal jurisdiction over Beric.

**PARTIES**

       4.     Defendants are without knowledge or information sufficient to form a belief concerning the truth of the allegations with respect to plaintiff Franklin Mejia's ("Mejia") current

residence. Defendants admit that Mejia had use of a truck in the course of performing freight delivery services for Velox.

5.      Defendants are without knowledge or information sufficient to form a belief concerning the truth of the allegations with respect to plaintiff Sergio Rene Infante's ("Infante") current residence.  Defendants admit that Infante had use of a truck in the course of performing freight delivery services for Velox.

6.      Defendants admit the factual allegations in this paragraph.

7.      Defendants deny that Beric is the President of Velox.  Defendants admit that Beric is the sole member of Velox and that Beric performs services for Velox consistent with the position of a member.

8.      Defendants admit that Beric, in his capacity as member of Velox, is involved in establishing pay and certain working conditions with respect to its independent contractors, including Plaintiffs.

9.      Defendants admit that Beric, in his capacity as member of Velox, was involved, at times, in hiring and discharging employees and independent contractors, establishing their pay and setting certain terms, and establishing certain conditions of employment and certain terms of independent contractor agreements.

10.     There were no illegal payment practices at Velox and, therefore, the allegations are hypothetical and no response is required.

11.     Defendants admit that Beric, in his capacity as member of Velox, managed and supervised certain business affairs and operations of Velox, including dealing with certain truck drivers.

DM1\11226689.2

## STATEMENT OF FACTS

12.     Defendants admit the factual allegations in this paragraph to the extent the allegations concern the period Plaintiffs worked as operators for Velox.

13.     Defendants admit the factual allegations in this paragraph.

14.     Defendants admit the factual allegations in this paragraph.

15.     Defendants admit the factual allegations in this paragraph.

16.     Admitted that Denny Express, LLC ("Denny") passes customer loads along to Velox for delivery.  Denied that Velox performs freight operations on behalf of or for Denny.

17.     Except to admit that Plaintiff entered into lease agreements with Velox concerning their trucks, Defendants deny the allegations in this paragraph.

18.     Except to admit that Plaintiffs used leased trucks to perform services for Velox, Defendants deny the factual allegations in this paragraph.

19.     Except to the extent allowed by the written agreements between Plaintiffs and Velox, Defendants deny the factual allegations in this paragraph.

20.     Except to the extent allowed by the written agreements between Plaintiffs and Velox, Defendants deny the factual allegations in this paragraph.

21.     Defendants admit the factual allegations in this paragraph.

22.     Defendants admit that Mejia Truck and Infante Truck were used by Plaintiffs to perform interstate freight operations.

23.     The statements in this paragraph constitute legal conclusions to which no response is required.

24.     The statements in this paragraph constitute legal conclusions to which no response is required.

DM1\11226689.2

25.     The statements in this paragraph constitute legal conclusions to which no response is required.

26.     The statements in this paragraph constitute legal conclusions to which no response is required.

27.     Except to admit that Velox is subject to certain TIL Regulations, Defendants deny the factual allegation in this paragraph.

28.     The statements in this paragraph constitute legal conclusions to which no response is required.

29.     The statements in this paragraph constitute legal conclusions to which no response is required.

30.      Except to admit that Velox entered into a contractor operator agreement with each of the Plaintiffs and that the contractor operator agreement between Velox and Mejia is attached to the Complaint as Exhibit A, the Defendants deny the allegations in this paragraph.

31.     Defendants deny the allegations in this paragraph because they pertain to the terms and content of the referenced document. Defendants refer to the document for a complete and accurate recitation of its terms and content.

32.     Defendants deny the factual allegations in this paragraph.

33.     Defendants deny the factual allegations in this paragraph.

34.     Defendants deny the factual allegations in this paragraph.

35.     Except to admit that Velox and Infante entered into a contractor operator agreement, the Defendants deny the allegations in this paragraph

36.     Defendants deny the factual allegations in this paragraph.

37.     Defendants deny the factual allegations in this paragraph.

4

A.    <u>**FAILURE TO COMPLY WITH PAYMENT VERIFICATION REQUIREMENTS**</u>

38.    Defendants deny the allegations in this paragraph because they pertain to the terms and content of the referenced document. Defendants refer to the document for a complete and accurate recitation of its terms and content.

39.    Defendants deny the allegations in this paragraph because they pertain to the terms and content of the referenced document. Defendants refer to the document for a complete and accurate recitation of its terms and content.

40.    The statements in this paragraph constitute legal conclusions to which no response is required. To the extent this paragraph contains factual allegations directed at Defendants, Defendants deny the allegations.

41.    The statements in this paragraph constitute legal conclusions to which no response is required. To the extent this paragraph contains factual allegations directed at Defendants, Defendants deny the allegations.

42.    Defendants deny the allegations in this paragraph because they pertain to the terms and content of the referenced document. Defendants refer to the document for a complete and accurate recitation of its terms and content.

43.    Defendants deny the factual allegations in this paragraph.

44.    Defendants deny the factual allegations in this paragraph.

45.    Defendants deny the factual allegations in this paragraph.

46.    Defendants deny the factual allegations in this paragraph.

47.    Defendants deny the factual allegations in this paragraph.

48.    Defendants deny the factual allegations in this paragraph.

49.    Defendants deny the factual allegations in this paragraph.

**B.**    **FAILURE TO PAY PLAINTIFFS AND OTHER OWNER OPERATORS IN CONFORMITY WITH THE DEFENDANTS' CONTRACTOR OPERATOR AGREEMENT**

50.     Defendants deny the allegations in this paragraph because they pertain to the terms and content of the referenced document. Defendants refer to the document for a complete and accurate recitation of its terms and content.

51.     The statements in this paragraph constitute legal conclusions to which no response is required. To the extent this paragraph contains factual allegations directed at Defendants, Defendants deny the allegations.

52.     Settlement statements are provided each time the driver submits delivery documents and settlement statements cannot be provided without such documents, so production of settlement statements is dependent on the driver.

53.     Except to admit that Exhibit B and Exhibit C are settlement statements issued by Velox to Mejia and Infante, respectively, Defendants deny the allegations in this paragraph.

54.     Defendants deny the allegations in this paragraph because they pertain to the terms and content of the referenced document. Defendants refer to the document for a complete and accurate recitation of its terms and content.

55.     Defendants admit the factual allegations in this paragraph.

56.     Defendants admit the factual allegations in this paragraph.

57.     Defendants deny the allegations in this paragraph because they pertain to the terms and content of the referenced document. Defendants refer to the document for a complete and accurate recitation of its terms and content.

58.     Defendants deny the factual allegations in this paragraph.

59.     Defendants deny the factual allegations in this paragraph.

C.    **IMPROPER PAYMENT PERIOD IN THE LEASE**

60.    The statements in this paragraph constitute legal conclusions to which no response is required. To the extent this paragraph contains factual allegations directed at Defendants, Defendants deny the allegations.

61.    Defendants deny the allegations in this paragraph because they pertain to the terms and content of the referenced document. Defendants refer to the document for a complete and accurate recitation of its terms and content.

62.    Defendants deny the factual allegations in this paragraph.

D.    **FAILURE TO CLEARLY SPECIFY COMPENSATION FOR LOADING AND UNLOADING**

63.    The statements in this paragraph constitute legal conclusions to which no response is required. To the extent this paragraph contains factual allegations directed at Defendants, Defendants deny the allegations.

64.    Defendants deny the allegations in this paragraph because they pertain to the terms and content of the referenced document. Defendants refer to the document for a complete and accurate recitation of its terms and content.

65.    Defendants deny the factual allegations in this paragraph.

66.    Defendants deny that the second page of Exhibit F is an unloading invoice.

67.    Defendants deny the allegations in this paragraph because they pertain to the terms and content of the referenced document. Defendants refer to the document for a complete and accurate recitation of its terms and content

68.    Defendants deny the factual allegations in this paragraph.

69.    Defendants deny the factual allegations in this paragraph.

DM1\11226689.2

E.    **IMPROPER DEDUCTIONS FROM OWNER PAY**

70.    Except to admit that Velox deducted from Plaintiffs' pay certain sums for the expenses identified in this paragraph, the Defendants deny the allegations in this paragraph.

71.    Defendants deny the factual allegations in this paragraph.

72.    Except to admit that Velox deducted similar charges from some of the other operators pursuant to agreements with those operators, Defendants deny the allegations in this paragraph.

73.    The statements in this paragraph constitute legal conclusions to which no response is required. To the extent this paragraph contains factual allegations directed at Defendants, Defendants deny the allegations.

74.    Defendants deny the factual allegations in this paragraph.

75.    Defendants deny the factual allegations in this paragraph.

76.    Defendants deny the factual allegations in this paragraph.

77.    The statements in this paragraph constitute legal conclusions to which no response is required. To the extent this paragraph contains factual allegations directed at Defendants, Defendants deny the allegations.

78.    Defendants deny the allegations in this paragraph because they pertain to the terms and content of the referenced document. Defendants refer to the document for a complete and accurate recitation of its terms and content

**CLASS ACTION ALLEGATIONS**

79.    This paragraph contains a statement concerning the pleading itself and does not contain a factual allegation giving rise to a claim and, therefore, no response is required. To the extent this paragraph contains factual allegations directed at Defendants, the allegations are denied.

DM1\11226689.2

80.    Defendants deny the factual allegations in this paragraph.

81.    Defendants deny the factual allegations in this paragraph.

82.    Defendants deny the factual allegations in this paragraph.

83.    Defendants deny the factual allegations in this paragraph.

84.    Defendants deny the factual allegations in this paragraph.

85.    Defendants deny the factual allegations in this paragraph.

86.    Defendants are without knowledge or information sufficient to form a belief concerning the truth of the allegations in this paragraph and, therefore, deny the allegations.

## <u>COUNT I – MCA AND TIL REGULATIONS ACTION</u>
### <u>(Injunctive Class Action</u>

87.    Defendants repeat their responses to the preceding paragraphs as if fully set forth herein.

88.    Defendants deny the factual the allegations in this paragraph.

89.    Defendants deny the factual the allegations in this paragraph.

**WHEREFORE**, Defendants demand the entry of judgment in their favor and against Plaintiffs dismissing with prejudice all claims for relief set forth in the Complaint with an award in favor of Defendants and against Plaintiffs for attorneys' fees, interest, costs of suit and such further relief as this Court deems just.

## <u>COUNT II – MCA AND TIL REGULATIONS ACTION</u>
### <u>(Damages Class Action)</u>

90.    Defendants repeat their responses to the preceding paragraphs as if fully set forth herein.

91.    Defendants deny the factual allegations in this paragraph.

DM1\11226689.2

**WHEREFORE**, Defendants demand the entry of judgment in their favor and against Plaintiffs dismissing with prejudice all claims for relief set forth in the Complaint with an award in favor of Defendants and against Plaintiffs for attorneys' fees, interest, costs of suit and such further relief as this Court deems just.

**COUNT III –CONTRACT ACTION (as alternative to Count II)**
**(Damages Class Action)**

92.    Defendants repeat their responses to the preceding paragraphs as if fully set forth herein.

93.    Defendants deny the factual allegations in this paragraph.

**WHEREFORE**, Defendants demand the entry of judgment in their favor and against Plaintiffs dismissing with prejudice all claims for relief set forth in the Complaint with an award in favor of Defendants and against Plaintiffs for attorneys' fees, interest, costs of suit and such further relief as this Court deems just.

**COUNT IV – CONVERSION ACTION**
**(Damages Class Action)**

94.    Defendants repeat their responses to the preceding paragraphs as if fully set forth herein.

95.    Defendants deny the factual allegations in this paragraph.

96.    Defendants deny the factual allegations in this paragraph.

97.    Defendants deny the factual allegations in this paragraph.

98.    Defendants deny the factual allegations in this paragraph.

99.    Defendants deny the factual allegations in this paragraph.

100.    Defendants deny the factual allegations in this paragraph.

101.    Defendants deny the factual allegations in this paragraph.

DM1\11226689.2

102.    Defendants deny the factual allegations in this paragraph.

**WHEREFORE**, Defendants demand the entry of judgment in their favor and against Plaintiffs dismissing with prejudice all claims for relief set forth in the Complaint with an award in favor of Defendants and against Plaintiffs for attorneys' fees, interest, costs of suit and such further relief as this Court deems just.

<strong><u>COUNT V – FRAUD</u></strong><br>
<strong><u>(Damages Class Acton)</u></strong>

104.    Defendants repeat their responses to the preceding paragraphs as if fully set forth herein.[1]

105.    Defendants deny the factual allegations in this paragraph.

**WHEREFORE,** Defendants demand the entry of judgment in their favor and against Plaintiffs dismissing with prejudice all claims for relief set forth in the Complaint with an award in favor of Defendants and against Plaintiffs for attorneys' fees, interest, costs of suit and such further relief as this Court deems just and proper.

<strong><u>AFFIRMATIVE DEFENSES</u></strong>

<strong><u>FIRST SEPARATE DEFENSE</u></strong>

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted for some or all of the claims.

<strong><u>SECOND SEPARATE DEFENSE</u></strong>

Defendants did not breach any agreement or contract with the Plaintiffs and/or any legal duty allegedly owned by Defendants to Plaintiffs.

---

[1] Plaintiffs' Complaint erroneously skips from Paragraph 102 to Paragraph 104. To avoid confusion, Defendants number the paragraphs in this Answer to correlate to Plaintiffs' Complaint.

DM1\11226689.2

## THIRD SEPARATE DEFENSE

Any loss suffered by Plaintiffs was a direct and proximate result of the acts or omissions of Plaintiffs and other persons over whom Defendants had no control and for whom Defendants are not liable.

## FOURTH SEPARATE DEFENSE

Even if Plaintiffs' agreements did not comport fully with the Truth in Leasing Act (TIL) or the Motor Carrier Act (MCA), Plaintiffs can recover only if they can establish actual loss because of the alleged violation.  Plaintiffs did not suffer a loss because of any violation of the TIL or the MCA.

## SIXTH SEPARATE DEFENSE

Defendant Beric at all times acted within the scope of his authority as member of Velox and, therefore, does not have personal liability to the Plaintiffs.

## SEVENTH SEPARATE DEFENSE

Damages, if any, suffered by Plaintiffs do not exceed the damages suffered by Velox as set forth in Velox's counterclaim.  Velox is entitled to set off against any award to Plaintiffs by the amount that Plaintiffs owe to Velox.

## EIGHTH SEPARATE DEFENSE

 Plaintiffs' claims are barred by the doctrines of ratification, consent, waiver and estoppel.

## NINTH SEPARATE DEFENSE

Plaintiffs cannot certify a class for injunctive relief because Plaintiffs were not employed by or under contract with Velox at the time they instituted this lawsuit and do not have standing to assert a claim for injunctive relief.

DM1\11226689.2

### TENTH SEPARATE DEFENSE

Plaintiffs cannot certify a class because they cannot satisfy the prerequisites of FRCP 23 (a), including establishing numerosity, that Plaintiffs' claims are typical of the class, and that Plaintiffs can fairly and adequately protect the interests of the class.

### ELEVENTH SEPARATE DEFENSE

Plaintiffs cannot certify a class because they cannot satisfy the prerequisites of FRCP 23(b), including establishing that questions of law and fact predominate over individual questions of law and fact, or that class certification is the superior method of adjudicating the controversy.

### TWELFTH SEPARATE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to mitigate any alleged damages.

### THIRTEENTH SEPARATE DEFENSE

Defendants reserve the right to assert such additional affirmative defenses arising in fact or in law that might be ascertained during the course of the case.

### COUNTERCLAIM OF VELOX

Defendant/Counterclaim-Plaintiff Velox Trucking LLC ("Velox"), by and through its attorneys, states for its Counterclaim against Plaintiffs/Counter-Defendants Franklin Mejia ("Mejia") and Sergio Rene Infante ("Infante") as follows:

### PARTIES, JURISDICTION AND VENUE

1.      Velox is a Michigan limited liability company with its principal place of business in Kent County, Michigan.

2.      Upon information and belief, Mejia is an individual residing in Bergen County, New Jersey.

13

DM1\11226689.2

3.       Upon information and belief, Infante is an individual residing in California.

4.       The Court has subject matter jurisdiction over this counterclaim pursuant to 28 U.S. Code § 1331 because the claims arise from a federal statute – namely, the Motor Carrier Act ("MCA") and regulations promulgated pursuant to the MCA.  The Court also has supplemental jurisdiction over the claims pursuant to 28 U.S. Code § 1367.

## GENERAL ALLEGATIONS

5.       Velox is involved in the interstate transportation of motor freight and engages independent contractors to assist with these activities.

6.       Mejia and Velox entered into a Contractor Operator Agreement (the "Mejia Contractor Operator Agreement") dated February 4, 2019.  A copy of the Mejia Contractor Operator Agreement is attached as *Exhibit A* and its terms incorporated herein.

7.       Infante and Velox entered into a Contractor Operator Agreement (the "Infante Contractor Operator Agreement") dated May 28, 2019.  A copy of the Infante Contractor Operator Agreement is attached as *Exhibit B* and its terms incorporated herein.  The Infante Contractor Operator Agreement and the Mejia Contractor Operator Agreement shall be collectively referred to in these Counterclaims as the "Contractor Operator Agreements".

8.       Under the Contractor Operator Agreements, Mejia and Infante agreed to serve as independent contractors for Velox to transport goods through interstate commerce (the "Services").  Mejia and Infante also agreed to provide certain equipment for purposes of performing the Services.

9.       To obtain the equipment to perform the Services, Mejia and Infante each entered into lease agreements with Velox for the lease of certain equipment.

10.       Mejia's Lease Agreement dated February 4, 2019 (the "Mejia Lease Agreement") concerns Mejia's lease of a 2016 Volvo semi-truck (the "Mejia Equipment") for a fixed term of

14

30 months (the "Mejia Lease Term"), with payments totaling $88,000 (the "Mejia Lease Amount"). A copy of the Mejia Lease Agreement is attached as *Exhibit C* and its terms incorporated herein.

11.    Infante's Lease Agreement dated May 28, 2019 (the "Infante Lease Agreement") concerns Infante's lease of a 2016 Volvo semi-truck (the "Infante Equipment") for a fixed term of 36 months (the "Infante Lease Term"), with payments totaling $90,000 (the "Infante Lease Amount"). A copy of the Infante Lease Agreement is attached as *Exhibit D*. and its terms incorporated  herein.

12.    The Mejia Lease Agreement required Mejia's payment in full of the Mejia Lease Amount prior to its termination.

13.    The Infante Lease Agreement required Infante's payment in full of the Infante Lease Amount prior to its termination.

14.    The Mejia Lease Agreement further stated, in the event of termination prior to expiration of the Mejia Lease Term, Mejia was required to pay Velox the sum of $.25 for every mile driven on the Mejia Equipment.

15.    The Infante Lease Agreement likewise stated, in the event of termination prior to expiration of the Infante Lease Term, Infante was required to pay Velox the sum of $.25 for every mile driven on the Infante Equipment.

16.    Together, the Mejia Contractor Operator Agreement and the Mejia Lease Agreement required Mejia to pay for all costs related to Mejia's performance of the Services and use of the Mejia Equipment, including, but not limited to, costs with respect to maintenance, fuel, oil, repairs, lubricants, tires, trailers, insurance, tolls, and taxes (collectively, the "Operating Expenses").

17.     Likewise, the Infante Contractor Operator Agreement and the Infante Lease Agreement required Infante to pay for the Operating Expenses related to Infante's performance of the Services and use of the Infante Equipment.

18.     The Contractor Operator Agreements contemplated Velox advancing certain Operating Expenses to Mejia and/or Infante with Mejia and Infante, as the case may be, reimbursing Velox for such amounts through deductions from their pay.

19.     Velox frequently made such advances of Operating Expenses to Mejia and Infante.

20.     In addition, Velox provided periodic cash advances to both Mejia and Infante that Mejia and Infante agreed to repay to Velox.

21.     Mejia terminated the Mejia Contractor Operator Agreement and the Mejia Lease Agreement on or around October 28, 2019, prior to expiration of the Mejia Lease Term.

22.     At the time Mejia terminated the Mejia Contractor Operator Agreement and the Mejia Lease Agreement, Mejia owed Velox certain unreimbursed Operating Expenses and cash advance loans totaling $2,099.43.

23.     Mejia further owed Velox $57,200.00 of the Mejia Lease Amount in addition to late fees of $100 per month in accordance with the Mejia Lease Agreement.

24.     Mejia also owed Velox $.25 per mile driven on the Mejia Equipment totaling $22,798.50. Additional amounts may be found to be due form Mejia as Velox continues to investigate its claims.

25.     Infante terminated the Infante Contractor Operator Agreement and the Infante Lease Agreement on or around October 27, 2019, prior to expiration of the Infante Lease term.

DM1\11226689.2

26.     At the time Infante terminated the Infante Contractor Operator Agreement and the Infante Lease Agreement, Infante owed Velox certain unreimbursed Operating Expenses and cash advance loans totaling $2,585.75.

27.     Infante further owed Velox $77,333.36 of the Infante Lease Amount in addition to late fees of $100 per month in accordance with the Infante Lease Agreement.

28.     Infante also owed Velox $.25 per mile driven on the Infante Equipment totaling $10,122.00.   Additional amounts may be found to be due from Infante as Velox continues to investigate its claims.

29.     To date, neither Mejia nor Infante have paid any of the above amounts owed to Velox.

30.     In executing the Mejia Lease Agreement and the Infante Lease Agreement, Mejia and the Infante expressly agreed to pay Velox's reasonable costs and attorney's fees in enforcing the Mejia Lease Agreement and the Infante Lease Agreement.

## COUNT I
### *Breach of Contract (Mejia)*

31.     Velox incorporates by reference all preceding paragraphs of these Counterclaims.

32.     The Mejia Contractor Operator Agreement and the Mejia Lease Agreement constitute valid, binding agreements between Mejia and Velox.

33.     Mejia breached the Mejia Contractor Operator Agreement and the Mejia Lease Agreement by his actions detailed in the foregoing paragraphs.

34.     Velox has suffered damages because of Mejia's breaches.

35.     Velox is entitled to collect from Mejia all amounts due under the Mejia Contractor Operator Agreement and the Mejia Lease Agreement.

WHEREFORE, Velox requests this Court to:

DM1\11226689.2

A.  enter judgment in favor of Velox and against Mejia for all amounts due to Velox arising from Mejia's breach of the Mejia Contractor Operator Agreement and the Mejia Lease Agreement;

B.  award interest, costs, and attorney's fees to Velox; and

C.  award such other relief to Velox as the Court deems just and equitable.

## COUNT II
### *Breach of Contract (Infante)*

36.    Velox incorporates by reference all preceding paragraphs of these Counterclaims.

37.    The Infante Contractor Operator Agreement and the Infante Lease Agreement constitute valid, binding agreements between Infante and Velox.

38.    Infante breached the Infante Contractor Operator Agreement and the Infante Lease Agreement by his actions detailed in the foregoing paragraphs.

39.    Velox has suffered damages because of Infante's breaches.

40.    Velox is entitled to collect all amounts due from Infante under the Infante Contractor Operator Agreement and the Infante Lease Agreement against Infante.

WHEREFORE, Velox requests this Court to:

A.  enter judgment in favor of Velox and against Infante for all amounts due to Velox arising from Infante's breach of the Infante Contractor Operator Agreement and the Infante Lease Agreement;

B.  award interest, costs, and attorney's fees to Velox; and

C.  award such other relief to Velox as the Court deems just and equitable.

## COUNT III
### *Unjust Enrichment (Mejia)*

41.    Velox incorporates by reference all preceding paragraphs of these Counterclaims.

42.    Mejia has been unjustly enriched at Velox's expense.

43.    Velox conferred a benefit on Mejia by, among other things, advancing Operating Expenses and making certain cash advance loans.

18

44.    Mejia has received the full benefit of such sums without repaying Velox.

45.    Mejia's allowing Velox to advance such expenses and to make such loans without repaying Velox such amounts violates fundamental principles of justice, equity, or good conscience.

46.    Mejia is liable to Velox.

WHEREFORE, Velox requests this Court to:

    A.  enter judgment in favor of Velox and against Mejia for the amount by which Mejia has been unjustly enriched;

    B.  award interest, costs, and attorney's fees to Velox; and

    C.  award such other relief to Velox as the Court deems just and equitable.

## COUNT IV
### *Unjust Enrichment (Infante)*

47.    Velox incorporates by reference all preceding paragraphs of these Counterclaims.

48.    Infante has been unjustly enriched at Velox's expense.

49.    Velox conferred a benefit on Infante by, among other things, advancing Operating Expenses and making certain cash advance loans.

50.    Infante has received the full benefit of such sums without repaying Velox.

51.    Infante's allowing Velox to advance such expenses and make such loans without repaying Velox such amounts violates fundamental principles of justice, equity, or good conscience.

52.    Infante is liable to Velox.

WHEREFORE, Velox requests this Court to:

    A.  enter judgment in favor of Velox and against Infante for the amount by which Infante has been unjustly enriched;

    B.  award interest, costs, and attorney's fees to Infante; and

    C.  award such other relief to Velox as the Court deems just and equitable.

DM1\11226689.2

**WHEREFORE**, Defendants demand the entry of judgment in its favor and against Plaintiffs dismissing with prejudice all claims for relief set forth in the Complaint with an award in favor of Defendants and against Plaintiffs for attorneys' fees, interest, costs of suit and such further relief as this Court deems just and proper.

Dated: July 1, 2020

**DUANE MORRIS LLP**

By:  */s/ Gregory R. Haworth*
Gregory R. Haworth
Steven T. Knipfelberg
One Riverfront Plaza
1037 Raymond Blvd., Ste. 1800
Newark, New Jersey 07102
P: (973) 424-2019
F: (973) 556-1571
grhaworth@duanemorris.com
stknipfeberg@duanemorris.com
*Attorneys for Defendants*
*Velox Trucking, LLC and Armin Beric*

DM1\11226689.2

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system,  which will send notification of such filing to all counsel of record.

Dated: July 1, 2020

 */s/ Gregory R. Haworth*
Gregory R. Haworth